IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20851
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ODON GOMEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-31-3
- - - - - - - - - -
January 6, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Odon Gomez appeals his conviction for conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana. Gomez challenges the sufficiency of the evidence. He also challenges the district court's rulings regarding witness Rosalda Guerra's testimony. Gomez contends that the district court's decisions to admit Guerra's direct examination testimony, as restricted, and to allow Guerra to invoke the Fifth Amendment privilege against self-incrimination as to questions related to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the purpose of Gomez's trip to Houston impermissibly limited his Sixth Amendment right of confrontation and caused him prejudice.

Viewed in the light most favorable to the verdict, the evidence was sufficient to convict Gomez of voluntarily participating in the conspiracy.

The district court did not abuse its discretion when it admitted Rosalda Guerra's direct examination testimony and decided that it would allow Guerra to invoke the Fifth Amendment privilege to questions related to the purpose of Gomez's trip to Houston. Gomez was allowed to test the truthfulness of Guerra's testimony on cross-examination, and he has not shown prejudice resulting from the district court's decision that Guerra could invoke the privilege as to questions related to her knowledge of the purpose of Gomez's trip to Houston. Gomez has not shown reversible error. *See United States v. Ornelas-Rodriguez*, 12 F.3d 1339, 1348 (5th Cir. 1994)(Defendant must show that government made "a flagrant attempt to build its case on inferences arising from the assertion of the privilege" and that "the refusal to answer add[ed] considerable weight to the government's case.").

Gomez's conviction is AFFIRMED.